FILED
CLERK, U.S. DISTRICT COURT

JUL 3 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

ELGIN TRAMMELL,

        Petitioner,

    v.

WARDEN,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-4195-AG(AJW)

**MEMORANDUM AND ORDER
DISMISSING PETITION**

Petitioner filed a petition for a writ of habeas corpus by a person in state custody on May 28, 2009, and the case was transferred to this Court from the United States District Court for the Northern District of California on June 12, 2009. Respondent filed a motion to dismiss the petition on the ground that petitioner's direct appeal is pending, and petitioner filed an opposition in which he concedes that his appeal is pending but contends that the issue he raises in this federal petition has been exhausted because he presented it to the California Supreme Court in a habeas petition.

Although petitioner may have exhausted his state remedies with respect to his claim, his conviction is not yet final because his direct appeal is currently pending.[1]  As a general rule, even when the claims in a petition otherwise have been fully exhausted in the state

---

[1] The docket in <u>People v. Trammell</u>, Case No. B211265 reveals that as of the date of this order, petitioner's appeal remains pending in the California Court of Appeal. <u>See</u> http://appellatecases.courtinfo.ca.gov.

1   courts, a federal court will not entertain a habeas petition seeking intervention in a pending

2   state criminal proceeding, absent special circumstances. <u>See</u>, e.g., <u>Sherwood v. Tomkins</u>, 716

3   F.2d 632, 634 (9th Cir. 1983); <u>Carden v. Montana</u>, 626 F.2d 82, 83-85 (9th Cir. 1980).

4   This rule of restraint ultimately is grounded in principles of comity that flow from the

5   abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971), which provides that

6   federal courts may not interfere with pending state criminal proceedings absent extraordinary

7   circumstances.

8       As petitioner concedes, petitioner's direct criminal appeal is still pending. Abstention

9   is required even though petitioner's claims may have been fully exhausted in the state courts.

10   The issue is not one of exhaustion but rather is one of avoiding interference with pending

11   state criminal proceedings. <u>See</u> <u>Sherwood</u>, 716 F.2d at 634. Accordingly, the petition is

12   **dismissed without prejudice** to its refiling after petitioner's conviction has become final.

13   <u>See</u> <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 583-586 & n. 5 (9th Cir. 1998) (holding that

14   the district court properly dismissed a habeas petition challenging a state conviction where

15   the petitioner had exhausted all potential state remedies with regard to his guilt, but not his

16   sentence, because the retrial of the sentence was pending in the state court).

18   Dated: JULY 31, 2009

19

20                         Andrew J. Guilford
                          United States District Judge